IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| RYAN HOOVER,<br><br>                Plaintiff,<br><br>vs.<br><br>DEBBIE POOLE, in her official and individual capacities and<br>LEXINGTON COUNTY SCHOOL DISTRICT 1,<br><br>                Defendants. | CA NO. 3:23-cv-1340-SAL<br><br>**COMPLAINT**<br><br>**(Jury trial requested)** |

THE PLAINTIFF complaining of the Defendants would respectfully show unto the Court as follows:

## INTRODUCTION

1. This is an action for money damages and declaratory relief brought under 42 U.S.C. §§ 1983 and 1988, the First Amendment to the United States Constitution, and under the law of the State of South Carolina, against Debbie Poole (Defendant Poole) and Lexington County School District 1 (Defendant District).

2. Plaintiff alleges that Defendants blocked his personal Facebook account from being able to make public comment on or send messages to Defendant District's official Facebook page for Pelion Elementary School. Plaintiff alleges that the Constitutional violation was committed as a result of the policies and customs of Defendant District and that Defendant Poole is liable under the theory of viewpoint discrimination.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction under 28 U.S.C. § 1331 over Plaintiff's cause of action arising under the Constitution of the United States and 42 U.S.C. § 1983 and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4. Venue lies in the United States District Court for the District of South Carolina because the events giving rise to Plaintiff's claims occurred in South Carolina. 28 U.S.C. § 1391(b)(2).

5. The Columbia Division is the proper division for this action, as the events complained of herein occurred in Lexington County, South Carolina.

## PARTIES

6. Plaintiff Ryan Hoover is an adult citizen and resident of Lexington County, South Carolina. Plaintiff is a veteran that served in the United States Military, a retired law enforcement officer, and currently a computer programmer for the South Carolina Department of Education.

7. Defendant Debbie Poole is, upon information and belief, a citizen of the United States of America, State of South Carolina, and a resident of Lexington County. At all times relevant herein, Poole was the Principal of Pelion Elementary School in Lexington County and therefore the head of the school, which is part of Lexington County School District 1. Poole is a "person" as that term is defined in relation to 42 U.S.C. § 1983. She is sued herein for her acts individually and in her official capacity as Pelion Elementary School Principal.

8. Defendant Lexington County School District 1 is an authorized political subdivision of

the State of South Carolina, indistinguishable form the County of Lexington County, State of South Carolina, that is statutorily liable, both directly and vicariously, for the acts of the individual Defendant and the damages to Plaintiff under the South Carolina State Tort Claims Act, S.C. Code § 15-78-10 et seq., and which is also liable pursuant to 42 U.S.C. § 1981 and 1983 for the damages suffered by Plaintiff due to its supervisory indifference and/or tacit authorization of the misconduct of its agents as detailed herein.

## BACKGROUND

9. Defendant Poole and Defendant District maintain a social media site on Facebook called "Pelion Elementary School" over which they exercises complete control. Defendants use their Facebook page to provide information to the public about different projects, events, news, pictures, and videos related to Pelion Elementary School, and the public is able to view, comment, and interact with posts on the page.

10. Defendants' Facebook page states that it is "The OFFICIAL Page for Pelion Elementary School. Founded in 1917, we are a PK-5th-grade school locate."

11. Defendants manage the Pelion Elementary School Facebook page with the ability to post to the page, edit information, change its own posts, delete its own posts, delete visitor posts and comments, hide comments, and control citizen communication altogether by blocking users from interacting with its page.

12. Upon information and belief, Defendants use the comments section of its posts to engage with Lexington County and Pelion citizens and other visitors to the official Pelion Elementary School Facebook page.

13. Plaintiff Ryan Hoover has a son that attends Pelion Elementary School in a 4K class.

14. He followed Pelion Elementary School's official Facebook page for updates about events

occurring at Pelion Elementary, some of which would involve his child and/or his child's class.

15. On or about early January of 2023, Plaintiff's son's 4K teacher at Pelion Elementary School, Kimberly Kneece, was placed on administrative leave.

16. Upon information and belief, no one from Pelion Elementary School contacted any of the parents of the students from Kimberly Kneece's 4K class to explain that she had been placed on administrative leave or why for approximately three weeks.

17. Upon information and belief, Defendant Poole, Defendant District, Pelion Elementary School and its staff remained secretive about the course of events leading to Mrs. Kneece's administrative leave.

18. Plaintiff found out that Mrs. Kneece was placed on administrative leave on or about January 18, 2023, approximately 7 days before Defendant Poole, Defendant District and/or Pelion Elementary School sent letters the parents of Mrs. Kneece's class to explain why she was no longer there.

19. Plaintiff disagreed with Mrs. Kneece being placed on administrative leave. He believed she was an excellent teacher and that his son's 4K class was suffering with her gone. Furthermore, Plaintiff disagreed with how Defendants Poole and District handled the situation, including keeping parents in the dark about Mrs. Kneece and not having an adequate replacement in the classroom to teach the children.

20. Upon information and belief, on or about January 20, 2023, Defendant Poole and Defendant District made a Facebook post to Pelion Elementary School's official Facebook page that read "Attention PES Family! If you have a little 3 or 4 year old that is not currently in school, here is a great program for you. Information below.

#PantherPRIDE @PrincipalPoole1 @ShirleyWaldy @CholmanLex1" (hereinafter "The Post.")

21. Below The Post was a picture of parents with children and more information detailing a 14-week family engagement program that was to begin the week of February 6, 2023.

22. Plaintiff made the following comment to The Post: "I do not recommend this school for 4K." The precise content of Plaintiff's comment, however, is unknown because Defendant Poole and Defendant District deleted the comment immediately after Plaintiff posted it.

23. Simultaneously or soon after Plaintiff posted this comment, Defendants also blocked Plaintiff's personal Facebook profile from the Pelion Elementary School Facebook page.

24. After Defendants blocked Plaintiff, he could no longer read posts, comment on posts, or even find the Pelion Elementary School Facebook page on a Facebook search. Defendants' actions prevented Plaintiff's Facebook profile from even detecting the existence of the Pelion Elementary School Facebook page.

25. As a direct and proximate result of the acts of Defendants, Plaintiff suffered the following injuries and damages:

    a. Violation of his constitutional protections under the First Amendment to the United States Constitution to be free in the exercise of speech.

26. Defendants opened a forum for public speech and a digital space for the exchange of ideas, opinions, and thoughts by creating the "Pelion Elementary School" Facebook page.

27. Defendants' creation of the Facebook page "Pelion Elementary School" and designating it as a channel of communication is comparable to traditional public fora as a forum of speech.

28. Plaintiff did not leave a comment that reflected foul language, threats, obscene

comments, or other unacceptable comments. Instead, Plaintiff simply stated that he would not recommend the Pelion Elementary School for 4K.

29. The actions of the Defendants violated the following clearly established and well-settled federal constitutional protections of Plaintiff:

   a. Freedom from viewpoint discrimination in all forums.

30. With deliberate indifference to the rights of Plaintiff to be free from retaliation for exercising his First Amendment protections, Defendant Poole and Defendant District have ongoingly encouraged, tolerated, ratified, and acquiesced to an environment of retaliation to the exercise of such rights by:

   a. failing to conduct sufficient training or supervision with respect to the protected speech rights of citizens to question the actions of government conduct without retaliation;
   b. by failing to adequately punish retaliation by employees against members of the public who exercise their protected speech rights to object to government conduct or express opinions the government does not share;
   c. by tolerating the use of retaliation based on protected speech;
   d. and by ongoingly failing to properly investigate citizen complaints of retaliation for exercising their First Amendment Protections.

31. It is the deliberately indifferent custom, habit, practice, and/or policy of Defendant Poole and Defendant District to permit retaliation against individuals for exercising First Amendment protections, as well as to fail to supervise and to train employees in the constitutional protections of individuals.

32. At all relevant times, Defendant Poole was acting under color of law and under color of authority as the Principal and head of Pelion Elementary School in the U.S. state of South Carolina, county of Lexington.

33. At all relevant times, Defendant District was acting under color of law and under color of

authority as an authorized political subdivision of the State of South Carolina, indistinguishable from the County of Lexington County, State of South Carolina.

## FOR A FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 – Retaliation in Violation of the First Amendment
### (As to Defendant Debbie Poole)

34. Plaintiff restates and realleges all of the previous paragraphs as if restated herein verbatim.

35. 42 U.S.C. § 1983 provides that:

    Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress. . .

36. Plaintiff in this action is a citizen of the United States and Defendant Poole is a person for purposes of 42 U.S.C. § 1983.

37. Defendant Poole was, at all times relevant, a policymaker for Pelion Elementary School and in that capacity established policies procedures, customs, and/or practices for the School and thus for Defendant District. At all times relevant herein, she was acting under the color of state law in her capacity as the Principal of Pelion Elementary School and her acts or omissions were conducted within the scope of her official duties or employment.

38. At the time of the complained of event, Plaintiff had the clearly established constitutional protections to be free from retaliation for the exercise of protected speech.

39. Any reasonable school principal such as Defendant Poole knew or should have known of this right at the time of the complained of conduct as it was clearly established at that time.

40. Plaintiff exercised his constitutionally protected right to question the conduct of the

government and/or engaged in protected speech in a digital public forum.

41. Retaliatory animus for Plaintiff's exercise of his constitutionally protected right to question the conduct of government arms controlled by Defendant Poole was a substantially motivating factor in the deletion of Plaintiff's Facebook comment and the blocking of Plaintiff's personal Facebook account.

42. The actions taken against Plaintiff in retaliation for his protected conduct would deter a person of ordinary firmness from continuing to engage in the protected conduct on the "Pelion Elementary School" Facebook page.

43. Defendant Poole blocked Plaintiff as a means of retaliation for Plaintiff's protected speech. She is therefore liable for violating Plaintiff's First Amendment protections.

44. Defendant Poole is not entitled to qualified immunity for the complained of conduct.

**FOR A SECOND CAUSE OF ACTION**
**42 U.S.C. § 1983 – Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the First Amendment**
**(Against all Defendants)**

45. Plaintiff restates and realleges all previous paragraphs as if they are restated herein verbatim.

46. At the time of the complained of event, Plaintiff had the clearly established constitutional protections to be free from retaliation for the exercise of protected speech.

47. Defendant Poole and Defendant District knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

48. Defendants are not entitled to qualified immunity for the complained of conduct.

49. Defendant Poole and Defendant District were, at all times relevant herein, policymakers for Pelion Elementary School and thus Lexington County School District 1 and in that capacity established policies, procedures, customs, and/or practices for the Pelion

Elementary School and Lexington County School District 1.

50. These Defendants developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional protections of citizens, which were moving forces behind and proximately caused the violations of the Plaintiff's constitutional protections and federal rights as set forth herein and in the other claims, resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

51. Defendant Poole and Defendant District have developed and maintained long-standing, department-wide customs, policies, procedures, practices, and/or failed to properly train and/or supervise its employees in a manner amounting to deliberate indifference to the constitutional protections of Plaintiff and of the public.

52. The deliberately indifferent training and supervision provided by Defendant Poole and Defendant District resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to Defendants and were moving forces in the constitutional and federal violations complained of by Plaintiff.

**PRAYER FOR RELIEF**

53. WHEREFORE, Plaintiff respectfully requests the following from this Court:

    a. Award all such actual, general, special, compensatory, and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined by the trier of fact;

    b. Award punitive damages on all claims allowed by law against individual Defendants and in an amount to be determined at trial;

    c. Issue a declaratory judgment, under 42 U.S.C. § 1983 declaring Defendants' conduct unconstitutional;

    d. Issue a preliminary injunction prohibiting all Defendants and all those acting in concert with them from blocking users without procedural due process on their official government social media platforms;

    e. Issue a permanent injunction prohibiting all Defendants and all those acting in concert with them from blocking users without procedural due process on their official government social media platforms;

    f. Award Plaintiff reasonable fees and costs pursuant to U.S.C. § 1988 and any other applicable provisions of law; and

    g. Award such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

Respectfully submitted,

**LAW OFFICE OF TYLER RODY, LLC**

S/Tyler Rody
Tyler Rody (Fed. Bar No. 13393)
Attorney for Plaintiff
515 E. Saint John Street
Spartanburg, SC 29302
(864) 381-7969 phone
(864) 670-5636 fax
tyler@rodylaw.com

Spartanburg, SC
April 3, 2023